11 BROWN, J.,
Dissenting.
Apparently the majority agrees, and the evidence clearly supports, that Costin was engaged in extraordinary and unusual physical exertion. The WCJ based her opinion on a contrary belief that there was no proof of any extraordinary or unusual physical exertion. Defendant’s expert, Dr. Eiswirth, likewise based his opinion on the assumption that Costin was not engaged in any abnormal physical exertion.
Workers’ compensation benefits are recoverable when an employee suffers personal injury by accident arising out of and in the course of his employment. La. R.S. 23:1031. It is undisputed that at the time of the occurrence, Costin was an employee of LaSalle’s. It is also uncontroverted that Costin’s “heart attack” occurred on the job. What is disputed is whether there was an accidental injury arising out of and in the course of his employment with LaSalle.
The term “heart attack” is used by laymen and courts to describe any cardiovascular catastrophe. Medically, the term refers to a myocardial infarction as distinguished from another cardiac disorder such as congestive heart failure, cardiac rhythm disturbance or sudden death. Heart attacks are normally the end result of a prolonged disease process and present. difficult causation problems in workers’ compensation cases. In 1988, the legislature acted to exclude heart-related or perivascular illness or death from the definition of personal injury by accident except under certain circumstances. La. R.S. 23:1021(7)(e).
La. R.S. 23:1021(7)(e) first requires the claimant to prove, by clear and convincing evidence, that the employee’s work stress went beyond what was usual, regular or customary in relation to the average employee in that occupation. Harold v. LaBelle Maison Apartments, 94-0889 (La.10/17/94), 643 So.2d 752.
Under this statute the usual stresses of a job are not considered to be causally related to a cardiovascular injury or disease even if they are more ¡¡.strenuous than those incurred in non-employment life. In Harold, supra, the supreme court held that the terms “extraordinary” and “unusual” have similar meanings and that all a claimant must prove is that the physical work stress went beyond what was usual, regular or customary for the average employee in that particular occupation.
*407 In the instant case, there was no testimony that backhoe operators were often called upon to perform manual work which would ordinarily be done by the machine. Yet, Costin was required that day to carry five-gallon buckets of cement and lift a 300-pound manhole cover. As a result, he was sweating profusely. The majority opinion correctly presumed that plaintiff met the first prerequisite under the statute.
In the statute’s second test, a claimant must prove that physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the employee’s heart failure. The legislative change in the law excludes from coverage an employee who just happened to have a heart attack while performing his work. Harold, supra.
A heart attack claimant’s case does not fail simply because the medical expert cannot definitively state the primary cause of the heart attack. Id. Heart failure due to severe exertion in hot weather has been found to be compensable under the statute. Compare Downs v. J. & J. Maintenance Inc., 97-511 (La.App. 3d Cir.10/08/97), 702 So.2d 845, writ denied 97-2848 (La.01/30/98), 709 So.2d 715; Broussard v. Dacon Corp., 96-1615 (La.App. 3d Cir.04/02/97), 692 So.2d 1325; Morris v. Reve, Inc., 95-310 (La.App. 5th Cir.10/18/95), 662 So.2d 525, writ denied 95-3037 (La.02/16/96), 667 So.2d 1055.
The court in Harold recognized that La. R.S. 23:1021(7)(e) must be interpreted in a manner to effectuate its purpose and that it must not be construed to preclude recovery of workers’ compensation benefits simply because the|sclaimant suffered from an existent coronary artery disease. In Harold, the court stated:
We do not think the legislature intended to eliminate all individuals with coronary artery disease from coverage of the worker’s compensation laws. Instead, it made such claims more difficult to prove by adding the heightened requirements of La. R.S. 23:1021(7)(e).
643 So.2d at 757.
Costin was' a 62-year-old non-smoker who suffered from high blood pressure and diabetes. Both high blood pressure and diabetes are only risk factors. There was no evidence that Costin had a coronary artery disease or arteriosclerosis.
The risk factors in Harold were as significant as those in this case. A worker’s pre-existing condition does not bar his recovery under the Louisiana workers’ compensation statute. Harold, supra. An employer takes a worker as he finds him and a worker who is more susceptible to injury is entitled to no less protection under the act than a healthy one. Allor v. Belden Corp., 393 So.2d 1233 (La.1981).
Costin’s treating physician, Dr. Michael Archie, was informed at the hospital that Costin had collapsed after lifting a heavy manhole cover. He was also told that Costin had been sweating profusely and that he was not used to doing that kind of work.
Dr. Archie testified that Costin’s increased work activities could have led to his myocardial infarction and that the two were temporally related, that is the physical exertion and the acute cardiac event occurred at the same time. On the subject of causation, Dr. Archie said:
No.... I’m not saying that. I’m not saying with certainty that the events of the day led to his MI. What I am saying is that certainly the events of the day could have and with high probability led to him having a heart attack. (Emphasis added).
14Hired by defendant, Dr. Clement Eis-wirth, an internal medicine physician with a specialty in cardiology, examined Cos-tin’s records and, testifying by deposition, concluded that Costin “probably had an arrhythmia that was provoked or occurred at the time of his work that resulted in his heart stopping.” He believed that Costin did not have a myocardial infarction. At *408 most, he felt that Costin was trying to undergo an acute inferior infarct. Dr. Eis-wirth noted that Costin’s cholesterol or lipid risk factor was unknown. Also, because there was no autopsy, he did not know whether Costin had a coronary artery disease or arteriosclerosis. Dr. Eis-wirth, however, believed that a person with a normal heart could not have an infract, arrhythmia or sudden death.
On the causation question, Dr. Eiswirth stated:
I think it’s much more likely than not that his problem arose because of his underlying cardiac disease and not work stress. I reviewed the records with regard to what he was doing and the documentation of work stress, and it doesn’t seem like there was any major physical exertion that was due or unexpected on his job or anythiny like that that would have expected that stress itself to have provoked him and suddenly have an arrhythmia that he otherwise would not have had. (Emphasis added).
Dr, Archie, the treating physician, testified that Costin’s heart attack was temporally related to his handling of the manhole cover and that the physical exertion in lifting and holding the manhole cover most probably led him to have a heart attack. On the other hand, Dr. Eiswirth’s contrary opinion was based on his belief that “it doesn’t seem like there was any major physical exertion that was due or unexpected .... ” The WC J accepted Dr. Eis-wirth’s factual statement in her reasoning for rejecting the claim. The majority opinion has rejected plaintiffs claim solely on the basis of Dr. Eiswirth’s opinion. With this, I respectfully disagree.
Observations and opinions of the treating physician, although rebuttable, are to be accorded greater weight than those of a physician who has not served in | Bthat capacity. Williams v. Jones Truck Lines, 27,465 (La.App.2d Cir.11/01/95), 662 So.2d 867, unit not considered, 95-3082 (La.02/16/96), 667 So.2d 1044; Davis v. Jones Baldwin Music Co., 27,545 (La.App.2d Cir.11/01/95), 662 So.2d 803.